UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOSEPH COSTANZA, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | )   CAUSE NO. 1:13-CV-260 |
| | ) |
| MENARD, INC. and | ) |
| VULCAN LADDER COMPANY, | ) |
| | ) |
|    Defendants. | ) |

## OPINION AND ORDER

This case was removed to this Court from the Allen Superior Court by Defendant Menard, Inc. ("Menards") based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 2). The Notice of Removal alleges that Plaintiff Joseph Costanza is a resident of the state of Indiana, Menards is incorporated and has its principal place of business in Wisconsin, and that Defendant Vulcan Ladder Company ("Vulcan") is not an Indiana corporation and does not have its principal place of business in Indiana. (Notice of Removal ¶¶ 2-3).

Menards' Notice of Removal is inadequate. As the party seeking to invoke federal diversity jurisdiction, Menards bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). In the Seventh Circuit, this requires the defendant support its allegations of jurisdiction with competent proof, and establish "to a reasonable probability that jurisdiction exists." *Id.* (quoting *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1997). Menards' allegation that its investigation indicated "Vulcan Ladder Company is not an Indiana corporation or company and does not have it principal place of business in Indiana" fails to satisfy this standard.

There are two shortcomings to Menards' Notice of Removal. First, Menards does not indicate how Vulcan is organized. For purposes of establishing diversity jurisdiction, a corporation's citizenship is different than that of an unincorporated association. *Thomas v. Guardsmark, LLC.*, 487 F.3d 531, 533 (7th Cir. 2007). Corporations "are deemed to be citizens of the state in which they are incorporated and the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990); *see* 28 U.S.C. § 1332(c)(1). The term "principal place of business" refers to the corporation's "nerve center"—the place where a corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

Conversely, a limited liability company's ("LLC") citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, if Vulcan is an LLC, the Court must be advised of the citizenship of all the members to ensure that none of its members share a common citizenship with Plaintiff. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). Moreover, citizenship must be "traced through multiple levels" for those members of Vulcan who are a partnership or an LLC, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). In sum, Menards must first determine Vulcan's organizational status, and second allege, with competent proof, Vulcan's state(s) of citizenship.

Second, Menards fails to affirmatively establish Vulcan's state(s) of citizenship. Simply alleging Vulcan is not an Indiana corporation or company falls short of the Seventh Circuit's requirement that the burdened party identify the citizenship of each party to the litigation.

*Thomas*, 487 F.3d at 533.  Put another way, Menards cannot make a "naked declaration that there is diversity of citizenship" by stating they do not think Vulcan's citizenship is Indiana.  *Id.*

Therefore, Menards is ORDERED to supplement the record forthwith as to the citizenship of Vulcan, determining its organizational status and stating its citizenship through all applicable layers of ownership.

SO ORDERED.

Enter for this 4th day of September, 2013.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge