UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOSEPH COSTANZA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:13-CV-260-TLS |
| | ) |
| VULCAN LADDER COMPANY, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's Motion for Reconsideration [ECF No. 79] and accompanying Brief in Support [ECF No. 80], filed on January 3, 2017, requesting that the Court reconsider the Opinion and Order [ECF No. 77] issued December 5, 2016, granting in part and denying in part the Defendant's Motion to Exclude Opinion Testimony of Charles Proctor [ECF No. 52] (the "Motion to Exclude") and denying the Defendant's Motion for Summary Judgment [ECF No. 47]. The Defendant maintains on reconsideration that the Court should enter summary judgment in its favor because the Court admitted the testimony of Plaintiff's expert over the Defendant's objection, and that there are no genuine issues of material fact. The Plaintiff filed a Response [ECF No. 81] on January 10, 2017, and the Defendant filed a Reply [ECF No. 82] on January 17, 2017. This matter is now fully briefed and ripe for ruling.

**STANDARD OF REVIEW**

A district court is "entitled to reconsider its initial denial of summary judgment, because the denial of summary judgment [i]s simply an interlocutory order, which the district court ha[s] broad authority to reconsider." *Peirick v. Ind. Univ.-Purdue Univ. Athletics Dep't*, 510 F.3d 681,

694 n.5 (7th Cir. 2007); *see also* Fed. R. Civ. P. 54(b) (stating that orders adjudicating fewer than all claims do not end an action and "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").

The Seventh Circuit has discussed the role of a motion to reconsider as follows:

> A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citations omitted); *see also LB Credit Corp. v. Resolution Tr. Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) ("[A] Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence.") (internal quotation marks omitted). However, a Rule 59(e) motion may not be used simply to re-litigate issues that have already been decided. *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007) (quotation marks omitted).

## ANALYSIS

**A.    Objections to Proctor's Expert Testimony Regarding the Cause of the Accident**

The Defendant challenges the Court's ruling that Charles Proctor's expert opinion testimony is admissible in so far as it pertains to the cause of the accident.[1] The Defendant contends that Proctor's testimony should be excluded because its expert, Jon Ver Halen, has demonstrated that it is not possible to step on the ladder when placed against the wall without the ladder locking absent the user intentionally unlocking the hinges. The Defendant asserts that

---

[1] The Defendant in its briefing reserved its right to object at trial to the admissibility of Proctor's opinions regarding the instructions and visual warnings. The Court has also already held that Proctor's proffered alternative design of color-coded locking blocks was not sufficiently supported and therefore inadmissible in its Opinion and Order. (Op. & Order 14–15.)

2

"Proctor's opinions in this case are exactly the kind of expert testimony that Rule 72 is designed to exclude" because "it is unsupported conjecture that fails to account for the undisputed evidence in this case." (Mot. to Recons. 2, ECF No. 80.)

The Court first notes that the Defendant has not quite particularized in its briefing for the Motion for Summary Judgment or in its briefing for this Motion where under the *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), framework the Court should find Proctor's expert opinion inadmissible. *Baugh ex rel. Baugh v. Cuprum S.A. de C.V.*, 845 F.3d 838, 844 (7th Cir. 2017) ("[Defendant] repeatedly used . . . Rule 702/*Daubert* buzzwords and cited multiple cases applying the related framework. . . . [s]o the district judge should have treated [the defendant's objection] as invoking [the] Rule 702 and *Daubert* [framework]."). District courts apply the *Daubert* framework using a three-part analysis. *Meyers v. Ill. Cent. R.R. Co.*, 629 F.3d 639, 644 (7th Cir. 2010). First, the Court must determine whether the proposed witness is qualified as an expert by knowledge, skill, experience, training, or education. If so, the court must then decide whether the reasoning or methodology underling the expert's testimony is reliable. If these two requirements are met, the court must assess whether the expert's proposed testimony will assist the trier of fact in understanding the evidence or to determine a factual issue. *See id.* (citing *Ervin v. Johnson & Johnson, Inc.*, 492 F.3d 901, 904 (7th Cir. 2007)). During the Court's previous inquiry, the Court observed that the Defendant did not contest the admissibility of Proctor's expert opinion on parts one or three of the *Daubert* framework, but surmised that the Defendant likely was objecting on the second part.[2]

---

[2] Proctor holds a Ph.D. in mechanical engineering from Purdue University and is a licensed P.E. who operates an engineering consulting firm. The Court found in its Opinion and Order that the Plaintiff has established that Proctor is a qualified expert in this case given his education, qualification as a professional engineer, and his professional background. (Op. & Order 8, ECF No. 77.) The Court also found that Proctor's testimony will assist the trier of fact in determining the factual issues at hand. (*Id.* at 11.)

On the Motion for Reconsideration, the Defendant attacks the admissibility of Proctor's expert opinion by arguing he incorrectly relied on the testimony of the Plaintiff's two sons and the testimony of the Plaintiff who, because of the fall, has at times a limited memory of every moment of the accident. (Costanza Dep. 32 ("I remember leaving the roof area and I ended up on the ground, but I don't remember anything after that.").) The Defendant also argues that this, combined with the fact that he did not test whether the ladder could remain unlocked after pushing on the hinges or stepping on the ladder, makes his testimony unsupported and speculative.

But as the Court has already said in its prior Opinion and Order, *Daubert* and Rule 702 precisely allow for this type of expert testimony to be admitted. *See Baugh*, 845 F.3d at 847. In preparing his opinion testimony, Proctor reviewed the Plaintiff's Deposition [ECF No. 49-2] and those of his three sons. He examined the ladder instructions, and photographs taken by one of the Plaintiff's sons of the ladder as it was allegedly positioned after the fall. In reaching his engineering opinions, Proctor states that he followed ASTM standards. The Seventh Circuit's recent opinion in *Baugh*, another ladder slip and fall case, reinforces this very point that it was more than appropriate for Proctor to rely on the materials and testimony he used to support his opinion. In *Baugh*, "[i]n order to reach his [admissible] opinions, [a ladder expert] reviewed, among other things, photographs of the scene of the accident with overlaid measurements, transcripts of deposition testimony supplied by witnesses to the aftermath of the accident, the actual ladder that [the plaintiff] had used, and an exemplar ladder." *Id.*

That the Defendant offers a competing expert with a contrary conclusion makes no difference. Advisory Committee Notes to Rule 702 specifically provide:

> When facts are in dispute, experts sometimes reach different conclusions based on competing versions of the facts. The emphasis

> in the [Rule] on 'sufficient facts or data' is not intended to authorize
> a trial court to exclude an expert's testimony on the ground that the
> court believes one version of the facts and not the other.

Fed. R. Evid. 702, advisory committee's note (2000 amends.). It was entirely appropriate for Proctor to rely on the Plaintiff's version of events, along with accompanying testimony and materials in forming his expert testimony. "The soundness of the factual underpinnings of the expert's analysis and the correctness of the expert's conclusions based on that analysis are factual matters to be determined by the trier of fact, or, where appropriate, on summary judgment." *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000).

By asking the Court to rule on the admissibility of Proctor's expert opinion testimony by comparing it to Ver Halen's, the Defendant asks the Court to, jump the gun, and make a credibility determination at the *Daubert*/Rule 702 admissibility stage, before making a reliability determination. "Reliability . . . is primarily a question of the validity of the methodology employed by an expert, not the quality of the data used in applying the methodology or the conclusions produced." *Manpower, Inc. v. Ins. Co. of Pa.*, 732 F.3d 796, 806 (7th Cir. 2013). There is no basis to exclude Proctor's testimony simply because Ver Halen reaches a competing conclusion. Accordingly, based on the record, the Court denies the Defendant's Motion to Reconsider with respect to the admissibility of Proctor's testimony regarding the causation of the accident.

**B.     Causation**

The Defendant asserts that the Plaintiff has failed to make a showing of the causation of the accident that would defeat summary judgment because Ver Halen's testimony, report, and accompanying video prove beyond measure that the Plaintiff's theory of the accident is simply

not possible.[3] The Court addressed this issue in its Opinion and Order, concluding that on review of the record "a reasonable jury could determine that the Plaintiff's accident was the result of the hinge locks not engaging after the Plaintiff unfolded, positioned, and climbed the ladder." (Op. & Order 18, ECF No 77.) The Court will expound on its reasoning in this Motion for Reconsideration.

Under the Indiana Products Liability Act ("IPLA"), "the plaintiff must show that (1) the product is defective and unreasonably dangerous, (2) the defective condition existed at the time the product left the defendant's control, and (3) the defective condition is the proximate cause of the plaintiff's injuries." *Nat. Gas Odorizing, Inc. v. Downs*, 685 N.E.2d 155, 160 (Ind. Ct. App. 1997). "Proximate cause is an essential element of, and is determined in the same manner in, both negligence and product liability actions." *Minisan v. Danek Medical Inc.*, 79 F. Supp. 2d 970, 975 (N.D. Ind. 1999) (first citing *Wolfe v. Stork RMS–Protecon, Inc.*, 683 N.E.2d 264 (Ind. Ct. App. 1997); then citing *Lucas v. Dorsey Corp.*, 609 N.E. 2d 1191 (Ind. Ct. App. 1993)). "Whether a plaintiff alleges a manufacturing defect, design defect, or failure to warn, a plaintiff must prove proximate causation, i.e., that the defect or missing warning proximately caused his injury." *Runge v. Stanley Fastening System, L.P.*, No. 4:09-CV-130, 2011 WL 6755161, *14 (S.D. Ind. Dec. 23, 2011) (brackets and quotations removed); *Kovach v. Caligor Midwest*, 913 N.E. 2d 193, 197–98 (Ind. 2009).

---

[3] The Defendant also asserts that the Court, in making its decision, applied "great emphasis" to the Motion Hearing held July 8, 2016, in which the parties were able to visually demonstrate to the Court with an exemplar ladder how it works, and in particular the locking block mechanism. On this Motion for Reconsideration, the Court clarifies that its determination in its Opinion and Order was on review of the entire record. (Opinion & Or. 18, ECF No. 77 ("On review of the *record*, the Court determines that a reasonable jury could determine that the Plaintiff's accident was the result of the hinge locks not engaging . . . .") (emphasis added).)

"Proximate cause is established if the injury to the plaintiff is a natural and probable consequence of the defendant's act or omission 'which was, or should have been, reasonably foreseen or anticipated in light of attendant circumstances.'" *Minisan*, 79 F. Supp. 2d at 975 (citing *Montgomery Ward & Co. v. Gregg*, 554 N.E.2d 1145, 1156 (Ind. Ct. App. 1990)).

Specifically to causation, Proctor opined at several points including in his report and accompanying testimony. At the deposition Proctor was asked:

> Q: At the time of [the Plaintiff]'s fall, he had [the ladder] fully unfolded to the 180-degree position with the exception that it's your opinion that the locking mechanism had not locked; true?
> A: Yes.

(Proctor Dep. 30, ECF No. 49-2). And later,

> Q: Now, in your report, you did not really discuss how it was that [the Plaintiff] came to fall; is that true? You don't just attempt to give a scenario or give an accident reconstruction in terms of how he fell; is that true?
> A: It was my understanding, again, that it was when he was exiting the ladder getting onto the roof. A continuation of that would be the dynamics of it, which I may not have put into the report. The dynamics would be that he would be applying foot force on the ladder as he's exiting, which then initiated the fall due to the fact that it, to my belief, was not locked.
> Q: Specifically where did he, in your opinion, apply foot force to cause this incident?
> A: It would have been on the step where he was when he was exiting, and I haven't determined specifically which step that is.

(*Id.* at 32). And in his Report [ECF No. 52-3], Proctor confirmed his belief in the causation of the accident when he stated:

> 1. The instructions provided with the subject ladder misled [the Plaintiff] into believing that the subject ladder was properly locked prior to his attempt to climb and exit the ladder.
> 2. The instructions provided with the subject ladder lacked clarity regarding locking block correct engagement for ladder use.

7

(Proctor Report 12, ECF No. 52-3). Proctor concedes that he did not perform tests to verify whether the ladder could be positioned as the Plaintiff did without the ladder locking (*Id.* at 35), whether weight could be applied to the ladder without it locking (*Id.*), whether the ladder could be climbed when a user positions it backwards (*Id.* at 36), whether the ladder would lock when a user pushed the frame as described by the Plaintiff (*Id.* at 37), and whether the labeling requirements complied with the applicable ANSI A14.2 standard (*Id.* at 48). But as the Court previously stated, this does not disqualify his testimony. "The mere fact that [an expert] could not testify about certain facts relating to the accident with absolute certainty does not render his opinions unreliable or irrelevant." *See Baugh*, 845 F.3d at 847. (causation at issue in jury verdict of ladder slip and fall case). "The jury must still be allowed to play its essential role as the arbiter of the weight and credibility of expert testimony." *Stollings v. Ryobi Techs., Inc.*, 725 F.3d 753, 765 (7th Cir. 2013). Another way of putting it: "[E]xpert testimony does not need to be conclusive to be relevant." *Id.* The Court has reviewed Ver Halen's report, testimony, and accompanying video and finds that there is still a triable issue of material fact. Proctor's expert opinion provides a sufficient basis for the Plaintiff's alleged causation of the accident. On review of the record, the Court finds that Ver Halen's expert opinion does not conclusively rule out Proctor's as the Defendant contends. "Indeed, it is often the case that experts reach conflicting conclusions based on applying different but nevertheless reliable methodologies to a set of partially known facts. The determination of which opinion (if any) identifies the most probable cause of an injury is typically a question of weight, not reliability." *Baugh*, 845 F.3d at 847.

    Lastly, the Defendant points to the Opinion and Order to argue that the Court did not consider the Plaintiff's assertion that he pushed the ladder frame before climbing. The Court takes the opportunity to clarify this point. The Court finds that a reasonable jury could determine

8

that (1) the Plaintiff was misled by the ladder's instructions and warnings and (2) the locking blocks did not engage when the Plaintiff unfolded, positioned, pushed, climbed, tossed his tool belt from, and ultimately fell off, the ladder. Furthermore, Ver Halen's video demonstration does not conclusively rule out that Plaintiff's push of the ladder frame would have locked it into place. As the Court stated in its Opinion and Order, the evidence in this case is not so one-sided or conclusive to resolve this issue at the summary judgment stage, where the Court must construe all facts in a light most favorable to the nonmoving party and reasonable inferences. *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000).

## CONCLUSION

For the forgoing reasons the Defendant's Motion to Reconsider Denial of Defendant's Motion for Summary Judgment [ECF No. 79] is DENIED.

SO ORDERED on February 27, 2017

        s/ Theresa L. Springmann
        CHIEF JUDGE THERESA L. SPRINGMANN
        UNITED STATES DISTRICT COURT